BRAINARD v. The TRAVELLER. See Case No. 2,597.

## Case No. 1,804.

### BRAINARD et al. v. WILLIAMS.

[4 McLean, 122.][1]

Circuit Court, D. Michigan. June Term, 1846.

CIRCUIT COURT—JURISDICTION—ASSIGNEE OF NOTE —CONSTITUTIONAL LAW.

1. The 11th section of the judiciary act of 1789 [1 Stat. 78] declares that jurisdiction may be exercised by the circuit court, between citizens of different states. But, in the same section, there is an exception, that where suit is brought in favor of an assignee, there shall be no jurisdiction, unless suit could have been brought in the courts of the United States, on such notes, had no assignment been made. This is a restriction on the provision of the 2d section of the 3d article of the constitution, which declares that jurisdiction shall be exer-

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

cised between citizens of different states. And yet, this provision has been sustained by the supreme court since its organization.

2. It is said that the courts can only take jurisdiction under an act of congress. There are important exceptions to this, as a suit between two states in relation to boundary.

3. This part of the act should have been declared to be unconstitutional.

4. Congress might have provided against fraudulent assignments to give jurisdiction.

5. The declaration sufficiently shows that the assignment was made at the date of the note, in the state of New York.

[See Bradley v. Rhines, 8 Wall. (75 U. S.) 393; Lexington v. Butler, 14 Wall. (81 U. S.) 282; Mosgrove v. Kountze, 14 Fed. 315.]

[At law. Action by the assignee of Brainard and Geoffray against Williams on a promissory note and a bill of exchange. Demurrer by defendant to the first three counts of the declarations overruled.

Barstow & Lockwood, for plaintiffs.
Romeyn, for defendant.

OPINION OF THE COURT. This action is brought on a bill of exchange, a promissory note, and the general counts are added. The defendant's counsel demurs to the three first counts in the declaration, on the ground that it does not appear that the assignor to the plaintiff of the note in controversy was, at the time of the assignment, a citizen of another state. The declaration, it is said, states the citizenship of the plaintiff and his assignor, at the time of the commencement of the suit, to have been such as to give the court jurisdiction. But it is contended it must appear that at the time of the assignment, the assignor could have sued in the courts of the United States. That from any thing which appears on the face of the declaration, the assignor may have made the assignment in this state, and afterwards removed to New York. And it is insisted that where suit is brought in this court on an assigned note, it must appear, that at the time of the assignment, the assignor could have brought suit in this court. That no change of residence after the assignment, any more than a change of residence in the plaintiff, after the commencement of suit in this court, could affect its jurisdiction.

The words of the 11th section of the judiciary act of 1789 are, the jurisdiction of the circuit court shall attach where "the suit is between a citizen of the state where the suit is brought, and a citizen of another state." This clearly refers to the time of bringing the action. But the words of exception are, "nor shall any district or circuit court have cognizance of any suit to recover the contents of any promissory note, or other chose in action, in favor of any assignee, unless a suit might have been prosecuted in such court, to recover the said contents if no

assignment had been made." The 2d section of the 3d article of the constitution declares, that the judicial power shall extend to controversies "between citizens of different states," and yet the above exception in the act of 1789, imposes a restriction upon this provision, by declaring, that jurisdiction shall not be exercised between citizens of different states, unless the person from whom the cause of action was assigned, could also, from his citizenship, sue in this court. A clearer and more palpable infraction of this constitutional provision could not be well imagined, and yet the law has been sustained from the organization of the supreme court.

The only answer to this argument that has been attempted, is, that the jurisdiction is given to the courts of the United States by congress, and that they can not exercise jurisdiction, except in certain cases, under the constitution. It is often said that a bad reason is better than none; but this can scarcely come under that denomination. If congress in attempting to carry out the provisions of the constitution, shall repudiate a part of its provisions, it is the duty of the supreme court to declare such legislation void. In a most important controversy between states, in regard to a disputed boundary, the supreme court, on solemn argument, decided that they could take jurisdiction under the constitution, by serving a notice under their own rule, on the governor and attorney general of the state, and decide the question of boundary and consequent exercise of sovereignty over it, without the legislation of congress. Had congress provided against fraudulent assignments to bring cases in this court, it would have been a proper provision.

The first two counts in the declaration, which the demurrer includes, are founded upon a foreign bill of exchange, which is excepted from the operation of the statute; of course there can be no objection to the jurisdiction in regard to those counts. And, in reference to the third count, it states that the defendant made a certain note in writing, at New York, etc., and delivered the same "to certain persons using the style and firm of Brainard and Geoffray, who are citizens of the state of New York." The time the note was executed is averred to have been the twenty-second day of July, 1845, and the indorsement of the note is averred to have been made "on the same day and year, and at the place aforesaid." From these averments it appears that the note was executed at New York, the 22d July, 1845, and made payable to a firm in New York, who, on the same day, and at the same place, assigned the note to the plaintiff. We think there is enough in the declaration to sustain the jurisdiction of the court. The demurrer, therefore, is overruled, and judgment.